**Robert and Patricia LEACH**

v.

**JAGENBERG–WERKE A. G.**

**Civ. A. No. 78–2106.**

United States District Court,
E. D. Pennsylvania.

Nov. 21, 1979.

Robert H. Dickman, Goldberg, Frankel & Dickman, Philadelphia, Pa., for plaintiffs.

Lawrence T. Hoyle, Jr., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The liability portion of this personal injury action was tried before this Court, sitting without a jury, on November 8 and 9, 1979.

The plaintiffs, Robert and Patricia Leach, instituted this 402A action against Jagenberg-Werke, A.G., a German corporation, alleging that the defendant defectively designed a multipurpose coating machine being used by Robert Leach's employer, American Bag and Paper Company (American Bag), to coat rolls of paper. American Bag is located in Philadelphia, Pennsylvania, and Robert Leach began working there on October 30, 1974 as a coater-helper on the crew of the defendant's coating machine. His primary responsibility was to assist in the rethreading of the paper through the rollers of the coating machine whenever the paper tore during the coating process. Leach participated in hundreds of rethreading operations in the course of his employment.

On many occasions there was a break in the paper between the number three oven and the calendar chill section of the defendant's machine. The defendant had provided a threading bar and chain which had been designed by it to eliminate the possibility of a worker's hand or arm being caught between any of the rollers during the process of rethreading. The employees at American Bag, however, did not use the threading bar and chain to rethread the paper whenever there was a break in this area. Leach testified that he knew that the threading bar and chain could be used to rethread in this area, but that its use "would have wasted a lot of time," and that he and the other employees usually rethreaded paper in this area manually to save time.

On May 19, 1976, at approximately 3:00 p. m., a break occurred in this area, and while Leach was attempting to rethread the paper through the rollers, his left wrist was caught between two of the rollers, seriously burning him on his left wrist and forearm. The machine was not shut off and the rollers were moving at the time. The plant manager and Leach's immediate supervisor at American Bag testified that it was the company's practice, and that all employees were instructed, that the machine should always be turned off before any attempt to rethread. They also testified, however,

246

that it was not convenient to use the rethreading bar and chain provided by the defendant in the area where Leach was injured.

Leach's expert testified that the machine was defectively designed because: (1) the paper tore too often; (2) it was inconvenient to use the threading bar and chain designed by the defendant to rethread the paper between the number three oven and the calendar chill section of the machine; and (3) the pinchpoint on the machine exposed the employees to injury during manual rethreading of the paper.

■ In this diversity action, the parties agree that liability in this case must be determined in accordance with Pennsylvania law. A manufacturer must provide a product that is designed to make it safe for its intended use, and the absence of a proper safety device can constitute a defective design for which there may be recovery under section 402A for an injury proximately caused by such defective design. *Azzarello v. Black Brothers Co.*, 480 Pa. 547, 391 A.2d 1020 (1978).

■ The Court finds that Leach has not met his burden of proof in that he has not presented sufficient evidence from which the Court could conclude that the defendant's machine was defectively designed. Leach testified at trial that the procedure at American Bag was to manually rethread the paper through the rollers without stopping the machine. Since Leach's wrist became caught between two moving rollers, it is obvious that the machine was not turned off when he placed the paper between the rollers. The Court finds that it was the practice and procedure at American Bag, and its employees were so instructed, to rethread manually without using the threading bar and chain, but that manual rethreading should not be done unless and until the machine was shut off. The Court also finds that if the defendant's machine had been turned off, manual rethreading could have been safely accomplished.

Moreover, at the time the machine was sold to American Bag, the defendant supplied with the machine a threading bar and chain. The Court finds that this threading bar and chain was designed by the defendant to eliminate the danger of an employee placing his hands and arms in the vicinity of the pinchpoints created by the rollers, and if the threading bar and chain had been used, the rethreading could have been safely accomplished. On the basis of these facts and the other testimony at trial, we find that Leach has failed to carry his burden of proving by a preponderance of the evidence that the defendant's machine was defectively designed.

■ The Court also finds by a preponderance of the evidence that Leach assumed the risk of injury by placing his hands between the moving rollers while attempting to rethread the machine. *Schell v. AMF, Inc.*, 567 F.2d 1259 (3d Cir. 1977); *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975); *Ferraro v. Ford Motor Co.*, 423 Pa. 324, 223 A.2d 746 (1966). Leach testified that the machine was not shut off, that the rollers were moving, and that he was always aware that placing his hand between the rollers was dangerous in that his hand could be caught between the rollers. On the basis of Leach's testimony, and the testimony of his supervisors that Leach and other employees were always instructed to turn off the machine before attempting to rethread by hand in the area between the number three oven and the calendar chill section, the Court finds that Leach's unfortunate accident on the afternoon of May 19, 1976 was brought about by his assumption of risk in that he voluntarily and unreasonably proceeded to encounter a known danger.

This Memorandum is in lieu of findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a). Accordingly, for the reasons herein set forth, judgment will be entered in favor of the defendant, Jagenberg-Werke, A.G., and against the plaintiffs, Robert and Patricia Leach.